UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK HERMAN FISHER,

        Petitioner,        Case No. 04-CV-71011

v.

DOUG VASBINDER,

        Respondent.
                           /

**OPINION AND ORDER DENYING PETITIONER'S REQUEST FOR A
CERTIFICATE OF APPEALABILITY[1] AND GRANTING
MOTION TO PROCEED *IN FORMA PAUPERIS***

    Petitioner Fredrick Herman Fisher filed a *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254.  In his petition, Petitioner challenged his convictions for assault with a dangerous weapon, felon in possession of a firearm, felony firearm, obstructing and resisting a peace officer, hunting without a license, operating a motor vehicle on a suspended license, and illegally operating an off-road vehicle.  On October 18, 2005, the court issued an Opinion and Order denying the petition.  Petitioner has filed a Notice of Appeal.  Thus, the court must determine whether Petitioner is entitled to a certificate of appealability (COA).  *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).  Petitioner also has filed a "Motion to Proceed *In Forma Pauperis*."  For the reasons stated below, the court will decline to issue a certificate of appealability and

---

[1]Petitioner's request for a Certificate of Appealability is contained within his "Notice of Appeal" [Dkt. # 42].

will grant Petitioner's motion to proceed *in forma pauperis*.

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. *In re Certificates of Appealability*, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Petitioner presented the following ten issues in this habeas corpus petition:

    I.    The state trial judge/court failed to have defendant present during questioning of the jurors and defendant has a fundamental constitutional right to be present, but he was denied that right under confrontation clause

to confront and the guilty verdict here must be set aside and vacated.

II. Jurors familiarity of newspaper accounts and exposure to suspicion that defendant may have been involved in jury tampering. The trial judge abused his discretion in denying the motion for a mistrial.

III. The state trial judge (Scott Pavich) failed to rule on defendant's motion to suppress article of clothing, and by admitting it into evidence without a final resolution, did deprive defendant of a fair and impartial trial by jury.

IV. The state trial judge abused the process in his judicial proceeding, by failing to recuse himself from presiding and by not granting defendant's motion to disqualify himself, deprived defendant of a fair and impartial trial by jury.

V. The state trial judge abused his discretion by allowing the prosecution and court to have demonstrated a weapon to the jurors, that was not entered as an exhibit and by allowing the weapon, it so infected the jurors mind to have rendered an unfair verdict and fair trial by jury.

VI. Defendant was denied his Sixth Amendment right to effective assistance of counsel and due process, when his counsel failed to object to the introduction of a previous conviction and failed to require the court to complete the suppression hearing prior to trial, and failed to get a ruling on pretrial motion to dismiss the judge Scott Pavich for prejudice, bias.

VII. The trial court abused its discretion by improperly permitting the prosecutor to introduce evidence that defendant had a (25 year old) previous conviction, thereby denying defendant due process in violation of U.S. Const Amend. V, XIV; Mich. Const. Art. 1, Section 17.

VIII. The state trial court's ex parte communication with a juror deprived defendant of a fair trial by jury and due process, therefore his conviction must be reversed.

IX. Defendant was deprived of his Sixth Amendment right to effective assistance, when both trial counsel and appellate counsel's performance fell below objective standards of [reasonableness] and professional norms.

X. The cumulative effect of numerous pretrial and trial errors denied Petitioner a fair trial and due process of law.

Petitioner presented three claims related to the conduct of a single juror. In his

first claim for habeas corpus relief, Petitioner claimed that he was deprived of his right to be present when the trial court questioned jurors regarding whether they had been improperly influenced by another juror's statements.  Respondent argued that the claim was procedurally defaulted.  The last state court to address the claim, the Michigan Court of Appeals, held that the issue was not preserved for appellate review because Petitioner's counsel failed to object to Petitioner's absence.  *People v. Fisher*, No. 237819 (Mich. Ct. App. Sept. 9, 2003).  Petitioner failed to assert cause to excuse his procedural default.  He also failed to show that failure to consider the claim would result in a fundamental miscarriage of justice.  In addition, Petitioner did not support his allegations of constitutional error with new reliable evidence of actual innocence that was not presented to the trial court, and the court held his first habeas claim was procedurally barred.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  The court, therefore, held that the claim was procedurally defaulted.

Petitioner argued that the trial court erred in denying his motion for mistrial which was made in response to conduct by Juror Charboneau.  The trial court conducted an in-chambers inquiry to establish whether Charboneau's conduct influenced any of the jurors.  Following the in-chambers inquiry, the trial court denied the motion.  Because Petitioner failed to show that the Charboneau incident impacted the impartiality of the jury or that the Michigan Court of Appeals' decision that the denial of a mistrial did not deprive him of a fair and impartial trial was contrary to or an unreasonable application of Supreme Court precedent, the court denied Petitioner habeas corpus relief.

Petitioner also claimed that the trial court judge engaged in improper ex parte contact with Charboneau, when Charboneau entered the judge's chamber and made a

brief comment. The trial court promptly advised the prosecutor and defense counsel about Charboneau's comment and questioned Charboneau and each of the jurors to determine whether Charboneau's comment compromised their impartiality. The Michigan Court of Appeals held that the limited ex parte communication was harmless error because no prejudice resulted. *Fisher*, slip op. at 5. This court held that the Michigan Court of Appeals holding was not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner next claimed that his right to an impartial jury was violated when the trial court denied his motion for a change of venue. In support of his claim that the trial court erred in denying his motion for a change of venue, Petitioner cited four articles which appeared in a local newspaper and cited his prior conviction for criminal sexual conduct. The court found the articles were neither inflammatory nor prejudicial. The articles did not "suggest[] a community with sentiment so poisoned against petitioner" as to warrant a presumption that an impartial jury could not be seated. *Murphy v. Florida*, 421 U.S. 794, 803 (1975). The court, therefore, denied habeas relief on this claim.

In his fourth claim for habeas corpus relief, Petitioner argued that he was deprived of a fair trial because the trial court judge was biased and refused to recuse himself, and that the trial court judge failed to rule on his motion to disqualify. In state court, this claim was denied because Petitioner provided no reasons to substantiate his argument that the trial court judge should have recused himself. *Fisher*, slip op. at 5. Similarly, in his brief in support of his habeas corpus petition, Petitioner provided no argument in support of recusal. Accordingly, the court denied habeas relief.

Petitioner presented three claims that the trial court abused its discretion in three

evidentiary rulings: (i) allowing a rifle similar to that allegedly used by Petitioner to be used as a demonstrative exhibit; (ii) permitting evidence of his prior felony conviction; and (iii) failing to adjudicate his motion to suppress an article of clothing and photographs of the clothing and subsequently improperly admitted the clothing into evidence. "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994), *citing Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985), *cert. denied* 478 U.S. 1020 (1986). Petitioner failed to show that the rifle's use as a demonstrative exhibit, the admission of the fact of Petitioner's prior conviction, or the admission of the photographs resulted in a constitutional violation. Thus, the court denied his third, fifth, and seventh claims.

Petitioner next claimed that he was entitled to issuance of a writ of habeas corpus because he received ineffective assistance of both trial and appellate counsel. First, Petitioner claimed that his trial attorney was ineffective in: (i) failing to object to the introduction of evidence of a previous conviction; (ii) failing to require the court to complete the suppression hearing; and (iii) failing to require the court to rule upon the motion to disqualify the trial court judge. Applying the standard articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Michigan Court of Appeals held that Petitioner's first two ineffective assistance of counsel claims were meritless because defense counsel's stipulation to the fact of Petitioner's prior conviction was a strategic decision designed to ensure that the jury would not be exposed to the nature of the prior conviction and the photographs were cumulative evidence that did not affect the outcome of the case. *Fisher*, slip op. at 6. The court held that the state court's finding

6

was neither contrary to nor an unreasonable application of *Strickland*.

In his third claim of ineffective assistance of trial counsel, Petitioner claimed that his trial counsel was ineffective for failing to require the court to rule upon his motion to disqualify the trial court judge. Petitioner provided no argument in support of his claim that the trial court judge should have recused himself. Therefore, he failed to provide any claim of bias and the court held that he could not show that he was prejudiced by his attorney's conduct in this regard.

Petitioner also claimed that his appellate attorney was ineffective in failing to raise the following claims on direct appeal: (i) the trial court erred in allowing rebuttal witnesses who were not on the witness list; (ii) Petitioner's main witness was not permitted to testify in his defense; and (iii) Petitioner's sentence was improperly enhanced. Other than a one-sentence statement of the claims that appellate counsel allegedly should have raised on direct appeal, Petitioner provided no argument regarding the merit or substance of these claims, and the court held that he did not show that he was prejudiced by his attorney's failure to present them.

Finally, the court denied Petitioner's claim that the cumulative effect of the errors alleged in his petition entitled him to habeas corpus relief because the state court's holding that the errors alleged by Petitioner were not errors or did not deprive him of his right to a fair trial was not contrary to or an unreasonable application of Supreme Court precedent.

With respect to the foregoing claim which this court held was procedurally defaulted, this court holds that jurists of reason would not find the conclusion that the claim was procedurally defaulted to be debatable or wrong. *See Slack*, 120 S. Ct. at

1604. With respect to those claims the court addressed on the merits, the court finds that jurists of reason would not find the court's assessment of those claims to be debatable or wrong. *Id.* Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Petitioner has also filed a Motion to Proceed *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's Motion to Proceed *In Forma Pauperis*.

IT IS ORDERED that Petitioner's request for a Certificate of Appealability as presented in his "Notice of Appeal" [Dkt. # 42] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed *In Forma Pauperis*" [Dkt. # 43] is GRANTED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  December 7, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\DEM\2254s\04-71011.DenyingCOA.GrantingIFP.wpd